UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE PURDAGONE,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | Case No.  1:23-cv-01324-JLT-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) |

This matter was reassigned to the undersigned magistrate judge on July 3, 2025, and is before the Court following review of the file.  (*See* Doc. No. 34).

Plaintiff filed her complaint on September 6, 2023.  (Doc. No. 1).  The Clerk of Court issued summonses for Defendants on September 7, 2023.  (Doc. No. 3).  On January 24, 2024, counsel for Defendant Michael Pallares filed a notice of appearance.  (Doc. No. 16).  On March 4, 2024, Plaintiff filed a First Amended Complaint.  (Doc. No. 19).  In response, Defendant Pallares filed a motion to dismiss.  (Doc. No. 21).

Noting that "no proofs of service indicating that the operative complaint in each matter [related to this case] was served on the appropriate defendant(s) ha[d] been filed with the Court," on November 12, 2024, the previously assigned magistrate judge ordered Plaintiff's counsel to "inform the Court why he has not filed the appropriate proofs of service with the Court" or, alternatively, file the proofs of service within seven days.  (Doc. No. 29).  On January 2, 2025, the

1  Court issued a second order after Plaintiff failed to respond. (Doc. No. 31). On January 6, 2025,
2  Plaintiff filed a response noting Plaintiff's voluntary dismissal of the State of California and the
3  California Department of Corrections and Rehabilitation. (Doc. No. 32).

4  Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a
5  notice of dismissal before the opposing party answers the complaint or moves for summary
6  judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary
7  judgment. (*See* docket). However, neither the State of California nor the California Department
8  of Corrections and Rehabilitation are named as Defendants in Plaintiff's First Amended
9  Complaint. (*See* Doc. No. 19 at 3-4).

10  Although Plaintiff requests that Officer Gregory Rodriguez remain a Defendant because
11  he has been served by Plaintiff (Doc. No. 32 at 2), no proof of service as to Rodriguez has been
12  filed. (*See generally* docket). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a
13  defendant within 90 days of filing the complaint. The time may be extended for good cause
14  shown. If a defendant is not served within the requisite time period, after notice to plaintiff, the
15  court <u>must</u> dismiss the action without prejudice, or order that service be made within a certain
16  time period. (*Id.*) (emphasis added). Because more than 90 days have passed and it appears only
17  Defendant Pallares has been served a copy of the complaint and summons, Plaintiff is directed to
18  show good cause why Defendant Gregory Rodriguez should not be dismissed under Rule 4.

19  Accordingly, it is **ORDERED**:

20  1. Within fourteen (14) days of the date on this Order, Plaintiff shall show good
21  cause why Defendant Rodriguez should not be dismissed under Federal Rule of Civil Procedure
22  4(m).

23  2. Failure to respond to this order will result in the recommendation that Plaintiff's
24  claims against defendants other than CDCR and Pallares be dismissed without prejudice without
25  further notice.

26  Dated:  July 31, 2025

27  HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

28