UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE PURDAGONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER GREG RODRIGUEZ and MICHAEL PALLARES,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01324-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT PALLARES' MOTION TO DISMISS[1]<br><br>(Doc. No.  21)<br><br>FOURTEEN DAY DEADLINE |

This matter was reassigned to the undersigned on July 3, 2025.  (Doc. No. 34).  Plaintiff Roxanne Purdagone is a state prisoner proceeding through counsel on her First Amended Complaint alleging violations of civil and constitutional Rights under 42 U.S.C. § 1983.  (Doc. No. 19, "FAC").  Defendant Michael Pallares filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 21).  Plaintiff filed an opposition (Doc. No. 25), and Defendant filed a reply (Doc. No. 26).  For the reasons set forth below, the undersigned recommends the district court grant in part and deny in part the motion to dismiss.  Specifically, the undersigned recommends that Defendant Pallares' motion to dismiss be granted as to Plaintiff's first and second claims, but denied as to Plaintiff's third and fourth claims.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2025).

## I. BACKGROUND

### A. Case Initiation and the FAC

Plaintiff filed her FAC on March 4, 2024, naming as Defendants Officer Greg Rodriguez, Acting Warden Miachael Pallares, and Does 1 to 30.[2] (Doc. No. 19 at 3-4, ¶¶ 6-7). Defendant Pallares is sued in his individual capacity. (*Id.* at 3-4, ¶ 6). The FAC alleges that at all relevant times, Plaintiff was incarcerated at CDCR's Central California Women's Facility ("CCWF"), where Defendant Pallares was the acting warden. (*Id.* at 6, ¶ 17). "[A]t various and repeated times from 2021 through early 2023," various CCWF employees, including but not limited to Defendant Rodriguez, "coerced, intimidated and threatened [Plaintiff] that if she did not perform sexual acts with those men that they would take punitive action against her including placing her in solitary confinement or (Ad Seg), or other punitive and uncomfortable punishments." (*Id.* at 6, ¶ 17). Plaintiff was sexually abused by Defendant Rodriguez "on at least three occasions, two in late 2022 and on in early 2023." (*Id.*). Defendant Rodriguez would direct Plaintiff to "go into the Board of Parole Hearing room (BPH) with him" and lock the door once they entered. (*Id.* at 6, ¶ 17). Once in the room Defendant Rodriguez "turned off the lights and attacked [Plaintiff] from behind," and on each occasion he "bent [Plaintiff] over the desk in the room and raped her from behind." (*Id.* at 6, ¶ 18).

Plaintiff alleges she "reported the attacks to prison administration, including, but not limited to, [Defendant] Pallares, but no response was given to her." (*Id.* at 6, ¶ 20). She further alleges that Pallares "made intentional decisions with respect to the co-defendants that allowed them to have unmonitored access to areas not subject to video surveillance or other monitoring." (*Id.* at 9, ¶ 32).

Based on these allegations, Plaintiff asserts four claims: (1) cruel and unusual punishment/excessive force against Rodriguez, Pallares, and Does 1-10; (2) right to bodily integrity against Rodriguez, Pallares, and Does 1-10; (3) failure to protect against Pallares and

---

[2] While Plaintiff includes the State of California and California Department of Corrections and Rehabilitation in the caption of the FAC, the FAC does not contain any allegations against these parties. (*See* Doc. Nos. 19, 35). Even if the FAC could be construed as asserting claims against these parties, Plaintiff stated her desire to voluntarily dismiss them from this action. (Doc. No. 32).

1  Does 11-20; and (4) supervisory liability against Pallares and Does 11-20.  (*Id.* at 7-11).

2        **B.  Defendants Motion**

3        On April 3, 2024, Pallares moved to dismiss all claims against him.  (Doc. No. 21).
4  Defendant argues Plaintiff's first claim for cruel and unusual punishment/excessive force fails
5  because "an Eighth Amendment claim for sexual assault requires that the plaintiff allege the
6  defendant touched the plaintiff in a sexual manner or otherwise personally engaged in sexual
7  misconduct for the defendant's own gratification," but the FAC "contains no allegations that
8  Warden Pallares used any force or touched [Plaintiff] at all, much less in a sexual manner, or
9  otherwise engaged in any sexual misconduct with [Plaintiff]."  (Doc. No. 21-1 at 4-5).
10  Additionally, Pallares argues he is entitled to qualified immunity on this claim because it was
11  "not clearly established that the alleged conduct by Warden Pallares here could violate the Eighth
12  Amendment."  (*Id.* at 1-2).

13        Next, Defendant argues Plaintiff's Fourteenth Amendment right to bodily integrity claim
14  is not cognizable because the Eighth Amendment governs convicted inmates' claims regarding
15  alleged sexual assault.  (*Id.* at 6:14-26).  Further, Defendant argues that "even if the Court is
16  inclined to recognize such a claim, it would fail as to Warden Pallares for the same reasons stated
17  with respect to the Eighth Amendment claim, as [Plaintiff] has alleged no sexual touching or
18  other sexual conduct by Warden Pallares."  (*Id.* at 6-7).  Defendant also argues he is entitled to
19  qualified immunity as to this claim because "it is not clearly established that convicted inmates
20  can state a 'bodily integrity' claim under the Fourteenth Amendment."  (*Id.* at 7:19-21).

21        Turning to Plaintiff's failure to protect claim, Defendant argues "Plaintiff has not alleged
22  sufficient facts to state a claim for failure to protect" because she vaguely asserts Defendant
23  Pallares failed to properly investigate "prior claims of sexual harassment, physical and sexual
24  assaults" but fails to "plead facts showing Pallares, or any official, knew of a substantial risk of
25  serious harm to [Plaintiff]."  (*Id.* at 9:11-15 (international quotation omitted)).  Additionally,
26  Defendant Pallares argues that Plaintiff fails "to specify any particular act or omission by Pallares
27  that caused her injuries."  (*Id.* at 9:22-23).

28        As to the supervisory liability claim, Defendant argues such claim fails because there is no

*respondeat superior* liability under 42 U.S.C. § 1983 and the FAC does not allege "any facts plausibly suggesting that Warden Pallares was on notice that Defendant Rodriguez or any other staff were sexually assaulting inmates." (*Id.* at 10-11). Defendant argues this failure to allege sufficient facts to support the claim also entitles him to qualified immunity. (*Id.* at 11). Finally, Defendant argues dismissal with prejudice is proper because amendment would be futile. (*Id.* at 12).

### C. Plaintiff's Opposition

Plaintiff filed her opposition to Defendant's Motion on July 5, 2024. (Doc. No. 25). Plaintiff first argues that Pallares is not entitled to qualified immunity because he "knew and [was] aware that female inmates had complained of sexual harassment, sexual assault and [rape] by Officer Rodriguez at the BPH Hearing Office and failed to remove Officer Rodriguez from the BPH assignment or install a video system in the Hearing Office to monitor that location." (*Id.* at 3-4). Additionally, Plaintiff argues the right to be free from sexual abuse is clearly established. (*Id.* at 4).

Plaintiff next addresses the substance of her claims. In a heading asserting she has alleged facts sufficient to support her cruel and unusual punishment claim, Plaintiff argues that her "failure to protect claim under the Eighth Amendment against Pallares is asserting liability for [his] culpable inaction and is properly pled." (*Id.* at 7:13-14). Plaintiff proceeds to set forth argument concerning whether Pallares acted with deliberate indifference in support of her failure to protect claim without otherwise addressing a direct cruel and unusual punishment claim. (*Id.* at 7-8).

As to her bodily integrity claim, Plaintiff argues Pallares "has wrongfully argued that the 8th and 14th Amendments do not apply to [her] because she is an inmate rather than a person in custody pre-conviction" but "[a]n inmate does not lose that substantive due process right simply because they become an inmate at a prison." (*Id.* at 9). Plaintiff asserts that because "a 'special relationship' existed between Pallares and [Plaintiff] in that Pallares was the Acting Warden who had control over [Plaintiff]," he had the "ultimate responsibility … to ensure that [Plaintiff's] bodily integrity was not being violated." (*Id.* at 10:1-8).

Next, Plaintiff argues she has sufficiently pled "a cause of action against Pallares for failing to protect her from Rodriguez" because she alleged that she was "sexually harassed, assaulted and forced to commit fellatio by Defendant Rodriguez[3] while at CCWF and after prior complaints had been made to Pallares that Rodriguez was sexually assaulting and raping women at CCWF in the BPH Hearing Office" but "Pallares took no action to stop the rapes of female inmates by Rodriguez." (*Id.* at 11:13-23). This argument in support of Plaintiff's failure to protect claim is substantively identical to the argument advanced in support of her cruel and unusual punishment claim. (*Compare id.* at 8 *with id.* at 11). Plaintiff argues she has also pled sufficient facts to support her supervisory liability claim because she alleged "Pallares had received prior complaints that Rodriguez was violating the prison's PREA policies and took no action to supervise or discipline Rodriguez" and "continued to grant Rodriguez overtime shifts at BPH, an unmonitored location that Rodriguez was not assigned to, after receiving complaints." (*Id.* at 13:3-11). To the extent the Court grants Defendant's motion in any respect, Plaintiff requests leave to amend. (*Id.* at 14-15).

**D. Defendant's Reply**

Defendant filed his reply on July 15, 2024. (Doc. No. 26). Defendant argues Plaintiff's opposition appears to concede that the FAC "does not state a claim for excessive force or sexual assault against Warden Pallares under the Eighth Amendment" because Plaintiff's "argument concerning the first claim for relief discusses the Fourteenth Amendment and failure to protect under the Eighth Amendment, which are the second and third claims for relief." (*Id.* at 2:2-7). To the extent Plaintiff's argument can be read as basing her first claim "on a failure-to-protect theory or supervisory liability," such would be "duplicative of the third and fourth claims for relief" and fails for insufficient facts. (*Id.* at 3:6-10). As to the bodily integrity claim, Defendant argues the cases cited by Plaintiff to support such a claim are distinguishable because they did not involve a convicted inmate. (*Id.* at 3-4).

Defendant argues the failure to protect claim fails because the FAC does not contain

---

[3] Although alleged in Plaintiff's argument, Plaintiff's FAC does not contain any allegations that she was forced to perform fellatio on Defendant Hernandez.

1  "sufficient allegations from which an inference could be drawn that Warden Pallares (1) was
2  aware of facts from which he could infer that Defendant Rodriguez presented a substantial risk of
3  serious harm to [Plaintiff] from sexual assault, *and* (2) that Warden Pallares actually drew that
4  inference and intentionally ignored the risk." (*Id.* at 6).  Further, Defendant argues Plaintiff's
5  "allegations are contradictory in terms of what was reported, when, and to whom" because while
6  Plaintiff alleges she was raped by Rodriguez three times between late 2022 and early 2023 and
7  reported these attacks, "[t]here are no allegations explaining what reports Warden Pallares
8  received or was aware of, what those reports specifically included, when those reports were made,
9  and whether any concerned Defendant Rodriguez specifically." (*Id.* at 7:1-9).  Defendant argues
10 the supervisory liability claim fails for generally the same reasons as the failure to protect claim.
11 (*Id.* at 8).  Finally, Defendant renews his argument that dismissal should be without leave to
12 amend because despite requesting leave to amend, Plaintiff "offers this Court no additional
13 allegations beyond those already plead that could remedy the deficiencies that Warden Pallares
14 has identified." (*Id.* at 9).

15    **II.    STANDARD OF REVIEW**

16      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the
17 legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.
18 2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal
19 theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also*
20 *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the
21 complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a
22 motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the
23 complaint and determines whether the factual allegations are sufficient to state a right to relief
24 above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*
25 *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the
26 complaint, as well as any reasonable inferences to be drawn from them).
27      "Where a motion to dismiss is granted, a district court must decide whether to grant leave
28 to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave

to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However, where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," leave to amend may be denied. *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. ANALYSIS

#### A. Eighth Amendment Claims

Plaintiff's first claim for cruel and unusual punishment/excessive force, her third claim for failure to protect, and her fourth claim predicated upon supervisory liability arise under the Eighth Amendment, which "prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

**1. First Claim: Eighth Amendment Sexual Misconduct**

As to Plaintiff's first claim alleging an Eighth Amendment violation stemming from the sexual abuse to which she was subjected, "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Id.* at 1046; *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). To evaluate such a claim, courts consider a subjective requirement of whether an official acted with "a sufficiently culpable state of mind," *id.* at 1196, and an objective requirement of whether the act itself was "offensive to human dignity." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). The Ninth Circuit has found that "a sexual assault on a prisoner by a prison guard is *always* 'deeply offensive to human dignity' and is completely void of penological justification." *Id*. at 1051.

Here, the FAC does not contain any allegations that Pallares was directly involved in sexually assaulting Plaintiff, nor does Plaintiff argue in her opposition that Pallares was directly involved in assaulting her. (*See* Doc. Nos. 19, 25). As Defendant argues, Plaintiff's reliance on law setting forth the standard for a failure to protect claim in support of her cruel and unusual

7

1 punishment claim appears to be a concession that Pallares was not directly involved in her
2 assaults. The operative Complaint's total failure to allege any facts indicating that Pallares was
3 involved in Plaintiff's alleged sexual assaults is fatal to Plaintiff's cruel and unusual punishment
4 claim against Pallares, and her first cause of action is properly dismissed.

**2. Third Claim: Eighth Amendment Failure to Protect**

6 Under the Eighth Amendment, prison officials have an affirmative obligation to protect
7 prisoners from violence inflicted by others. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994);
8 *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The failure of prison
9 officials to protect inmates from attacks "may rise to the level of an Eighth Amendment violation
10 if prison officials know of and disregard a substantial risk of serious harm to the plaintiff."
11 *Thomas v. Hernandez*, No. 2:21-cv-01638-TLN-DMC-P, 2022 WL 1173339, at *4 (E.D. Cal.
12 Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.
13 2005)). A failure to protect claim requires a showing of both objective and subjective and
14 objective components: (1) the inmate must face an objectively, sufficiently serious risk of harm;
15 and (2) the official must have been aware of facts showing a substantial risk of serious harm and
16 consciously disregarded that risk by failing to take reasonable measures to prevent it. *Labatad*,
17 714 F.3d at 1160.

18 Turning to the failure to protect claim in Plaintiff's third cause of action, the undersigned
19 concludes that while the addition of more specific facts in the FAC may have been beneficial,
20 Plaintiff has alleged sufficient facts to state a failure to protect claim at the pleading stage.
21 Notably, Plaintiff alleges that she was sexually abused by Rodriguez on at least three occasions
22 from late 2022 to early 2023, and that she reported all these events to prison administration,
23 including Defendant Pallares. (Doc. No. 19 at 6–7, ¶¶ 17–18, 20). Based on the duration of time
24 over which the three alleged assaults occurred and given Plaintiff's allegation that she reported
25 "all" of the assaults, the Court can reasonably infer that Plaintiff reported the initial assault prior
26 to the occurrence of the subsequent assaults, thereby placing Pallares on notice. While discovery
27 may ultimately reveal such was not the case, at this stage in the proceedings the Court must
28 accept Plaintiff's allegations as true and draw every reasonable inference in her favor. *See Nw.*

8

1  *Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material
2  allegations in the complaint, as well as any reasonable inferences to be drawn from them).
3  Accordingly, Plaintiff has stated an Eighth Amendment failure to protect claim against Pallares.
4        Defendant largely relies on cases where prisoner plaintiffs alleged that administrative
5  defendants were aware of dangers the plaintiffs faced because the defendants were involved in
6  denying or rejecting administrative appeals. *See Phillips v. Borders*, No. EDCV 16-01568-MWF
7  (JDE), 2018 WL 4674593, at *5 (C.D. Cal. June 28, 2018) (explaining that "a prison official's
8  denial of an inmate's appeal generally does not constitute significant participation in an alleged
9  constitutional violation sufficient to give rise to personal liability"); *see Swan v. R.J. Donavan*
10 *C.F.*, No. 21-CV-1455 JLS (MDD), 2022 WL 2134605, at *4 (S.D. Cal. June 14, 2022) (in order
11 to plead a claim against warden, plaintiff "must do more than state that [warden] failed to grant
12 his administrative appeals"); *Ivy v. Wingo*, No. 3:20-cv-01345-CAB-AHG, 2020 WL 5709278, at
13 *7 (S.D. Cal. Sept. 24, 2020). Here, however, Plaintiff's FAC can be read as asserting that she
14 reported her alleged assaults directly to Pallares and he failed to take any action to prevent future
15 assaults. (Doc. No. 19 at 6, ¶ 20). Such is sufficient to survive Defendant's motion to dismiss.

16       **3.  Fourth Claim:  Eighth Amendment Supervisory Liability**

17       It is important to note that supervisory liability under 42 U.S.C. § 1983 does not recognize
18 a claim against a supervisor based solely on the common law concept of *respondeat superior*.
19 *Iqbal*, 556 U.S. at 676. Instead, to hold a supervisor liable in his individual capacity under §
20 1983, the litigant must be able to show that (1) the supervisor personally participated in the
21 constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's
22 wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.
23 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). Further, for such liability
24 to attach, supervisors must have actual supervisory authority over the government actor who
25 committed the alleged violations. *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

26       Plaintiff's fourth claim attributes liability to Pallares under a theory of supervisory
27 liability. (No. 19 at 10-11). Supervisors can be held liable for: "1) their own culpable action or
28 inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the

constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022).

Here, Plaintiff alleges sufficient facts that she put Pallares on notice of Rodriguez's misconduct such that he was aware of Rodriguez' unconstitutional conduct or the risk of it occurring again in the future, but that he knowingly disregarded that risk.  Although somewhat duplicative of Plaintiff's failure to protect claim,[4] Pallares failure to take any action was the proximate cause of the continuing constitutional violations committed against Plaintiff by Rodriguez.

In *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), the Ninth Circuit approved the district court's instruction that the jury could find a police chief liable in his individual capacity if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he kn[e]w or reasonably should [have] know[n], would cause others to inflict the constitutional injury." *Id*. at 646 (citations omitted); *see also*, *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (supervisor can be held liable in his individual capacity if he "knew of the violations and failed to act to prevent them.").  Thus, Plaintiff's has adequately stated a failure to protect claim in her fourth claim.

**B. Fourteenth Amendment Claim**

Plaintiff's second claim alleges Defendants violated her Fourteenth Amendment right to bodily integrity when they sexually assaulted her.  (Doc. No. 19 at 8).  However, as Defendant argues, Plaintiff's status as an inmate means that her claim necessarily arises under the Eighth rather than Fourteenth Amendment.  As discussed above, the Ninth Circuit has concluded that "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046.  "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due

---

[4] Eighth Amendment failure-to-protect claims and supervisory liability claims nonetheless are distinct legal theories with different elements that can be raised in the same lawsuit.

process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Accordingly, Plaintiff's right to bodily integrity claim is more properly analyzed as an excessive force claim under the Eighth Amendment and fails for the reasons discussed above—the failure to allege any facts indicating Pallares was involved in her assault. *See Perkins v. Woodford*, 453 F. App'x 711 (9th Cir. 2011) (noting that the district court properly construed state prisoner's Fourteenth Amendment due process claim based on deliberate indifference to his medical needs as an Eighth Amendment claim) (citing *Graham*, 490 U.S. at 395). Thus, the undersigned recommends Plaintiff's second claim be dismissed.

### C. Qualified Immunity

Defendants argue Pallares is entitled to qualified immunity on Plaintiff's claims. (Doc. No. 21-1 at 1-2, 7, 11).

Where a plaintiff alleges a § 1983 claim, a government official is entitled to qualified immunity unless (1) the official "violated a federal statutory or constitutional right, and (2) the unlawfulness of his conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quoting *Reichle v. Hoards*, 566 U.S. 658, 664 (2012)); *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). To demonstrate that a right was "clearly established" requires a showing that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *Wesby*, 583 U.S. at 63; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018).

As discussed above, Plaintiff has sufficiently alleged Pallares failed to protect her from sexual abuse by Rodriguez in violation of the Eighth Amendment. Additionally, "it was clearly established [at the time of the assault] that a failure to protect inmates from sexual abuse violated the Eighth Amendment." *Ramos v. Swatzell*, 669 F. App'x 486, 487 (9th Cir. 2016) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) and *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009)). Accordingly, at this stage in the proceedings, Pallares is not entitled to qualified immunity. *See Ramos*, 669 F. App'x at 486 (affirming denial of qualified immunity to warden of women's prison where plaintiffs alleged that he "failed to take reasonable measures to protect them as inmates from sexual abuse by a correctional officer").

11

**D. Leave to Amend**

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantez v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, leave to amend Plaintiff's Eighth Amendment sexual misconduct (claim one) and Fourteenth Amendment bodily integrity claim (claim two) are not warranted because amendment would be futile.

Accordingly, it is **RECOMMENDED**:

1. Defendant Pallares' Motion to Dismiss (Doc. No. 21) be **GRANTED** with respect to Plaintiff's Eighth Amendment cruel and unusual claim of sexual misconduct (claim one) and Plaintiff's Fourteenth Amendment bodily integrity claim (claim two).

2. Defendant Pallares' Motion to Dismiss (Doc. No. 21) be **DENIED** as to Plaintiff's Eighth Amendment failure to protect claim (claim three) and Plaintiff's Eighth Amendment supervisory liability claim (claim four).

3. Plaintiff only be allowed to proceed on her Eighth Amendment failure to protect (Claim three) and supervisory liability claim (claim four) in her First Amended Complaint against Defendant Pallares.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

13