UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE PURDAGONE,<br><br>                Plaintiff,<br><br>        v.<br><br>OFFICER GREG RODRIGUEZ and<br>MICHAEL PALLARES,<br><br>                Defendants. | Case No.  1:23-cv-01324-JLT-HBK<br><br>ORDER REFERRING CASE FOR<br>EVALUATION TO EARLY ADR AND<br>STAYING CASE<br><br>MAY 18, 2026 DEADLINE |

Roxanne Purdagone is a state prisoner proceeding through counsel on her First Amended Complaint alleging violations of civil and constitutional Rights under 42 U.S.C. § 1983.  (Doc. No. 19, "FAC").  Plaintiff's case proceeds on her Eighth Amendment cruel and unusual punishment/sexual assault claim (Count One) against Defendant Rodriguez, and her Eighth Amendment failure to protect (Count Three) and supervisory liability (Count Four) claims against Defendant Pallares.  (Docs. 39, 40).  On January 14, 2026, Defendant Pallares filed an Answer. (Doc.  41). [1]

The Court routinely refers all civil rights cases to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.  *See also* E.D. Cal.

---

[1] Counsel for Pallares does not represent Defendant Rodriguez.  Defendant Rodriguez was served (Doc. No. 36) but has not appeared or defended this action.

Local Rule 270(a).  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement would save the parties the time and expense of engaging in lengthy and costly formal discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for 120 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, agree to participate in the Court's Voluntary Dispute Resolution Program ("VDRP") under Local Rule 271, or agree to a settlement conference conducted by a magistrate judge under Local Rule 270(b).  If after investigating Plaintiff's claims and meeting and conferring, either party finds that VDRP or a settlement conference would not be productive, the party may opt out of the early ADR.

By agreement, the parties may engage in limited, informal discovery for purposes of mediation.  Recognizing that disclosure of documents and information in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, the parties shall promptly seek a protective order to facilitate the exchange of information.

Accordingly, it is **ORDERED**:

1.      This action will remain **STAYED until further order** to allow the parties an opportunity to evaluate Plaintiff's claim.

2.      The parties may engage in limited, informal discovery for purposes of ADR.

3.      Within 120 days from the date on this Order, or no later than May 18, 2026, the parties shall file a notice if they object to proceeding to early ADR.

4.      If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to either the VDRP coordinator or a United States Magistrate Judge for conducting the settlement conference as appropriate.

5.    If the parties reach a settlement during the opt out period, they shall file a Notice of Settlement as required by Local Rule 160.

Dated:    January 16, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3